```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JUDE JACQUES,

                Plaintiff,                    MEMORANDUM & ORDER
                                              09-CV-4459 (JS)(ETB)
        – against –

RODNEY B. JOHNSON, NASSAU COUNTY
CORRECTIONAL FACILITY, NASSAU
COUNTY, ET AL., CARMEN PULGRANO,
MICHAEL SPOSATO,

                Defendants.

----------------------------------X
APPEARANCES:
For Plaintiff:     Jude Jacques, Pro Se
                   07007365
                   Nassau County Correctional Facility
                   100 Carman Avenue
                   East Meadow, NY 11554

For Defendants:    No Appearance
```

SEYBERT, District Judge:

Pending before the Court is the Complaint of pro se, incarcerated Jude Jacques ("Plaintiff") brought pursuant to 42 U.S.C. § 1983 in which he asserts that the Nassau County Correctional Facility, where he is currently housed, did not have an updated law library in violation of his Sixth, Eighth, and Fourteenth Amendment rights. Plaintiff's Complaint was accompanied by an application to proceed in forma pauperis. The Court grants Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) for the limited purposes of this Order, and for the reasons discussed below, dismisses the Complaint.

BACKGROUND

In his brief Complaint, Plaintiff seeks an injunction compelling the Defendants to update the Nassau County Correctional Facility law library and provide Plaintiff with access to it. (Compl. ¶ V.) Plaintiff alleges that the Nassau County Correctional Facility does not have an updated law library, which violates his Sixth, Eighth, and Fourteenth Amendment rights. Plaintiff seeks five million dollars in compensatory damages and seeks immediate release from the Nassau County Correctional Facility as well as an order dismissing all the charges against him. (Compl. ¶ V.)

DISCUSSION

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Moreover, under 28 U.S.C. § 1915A, a court must, as soon as practicable, sua sponte review "a complaint in a civil action in

which a prisoner seeks redress from a governmental entity or officer or employees of a governmental agency" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a)-(b); see also Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." German v. Fed. Home Loan Mortgage Corp., 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508, 110 S. Ct. 2510, 2516, 110 L. Ed. 2d 455 (1990)). Specifically, Plaintiff seeks an injunction compelling the Defendants to update the Nassau County Correctional Facility law library and provide Plaintiff with access to it. (Compl. ¶ V.)

The Supreme Court has held that the constitutional right of access to courts entitles prisoners to either "adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1977). However, prisoners do not have an abstract freestanding right to a law library or legal assistance. See Lewis

v. Casey, 518 U.S. 343, 351 (1996). Rather, "meaningful access to the courts is the touchstone." Id. (quoting Bounds, 430 U.S. at 823). In other words, a prisoner must "demonstrate that the alleged shortcomings in the library or legal assistance hindered his efforts to pursue a legal claim." Tellier v. Reish, 164 F.3d 619, 1998 WL 695436, at *2 (2d Cir. 1998) (unpublished opinion) (citing Lewis, 518 U.S. at 351). Thus, the prisoner must show "actual injury," Lewis v. Casey, 518 U.S. at 349, in that "'the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim'-for example, by demonstrating that he has been unable to file a complaint or has had a complaint dismissed for failure to observe a technicality." Benjamin v. Fraser, 264 F.3d 175, 184 (2d Cir. 2001) (citing Lewis, 518 U.S. at 351).

In this case, Plaintiff has made no allegation regarding an actual injury he suffered due to the allegedly inadequate law library or insufficient access to the law library at the Nassau County Correctional Facility. Accordingly, he has failed to state a claim upon which relief could be granted and dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2)(B).

Where dismissal is based on a pro se plaintiff's failure to comply with pleading conventions, a district court 'should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated.'" Shelton v. Trs. of Columbia Univ., 236 Fed. Appx. 648, 649 (2d Cir. 2007) (summary order) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)). Therefore, the Court grants Plaintiff one opportunity to amend his claims by January 29, 2010. The Amended Complaint must be captioned as an "Amended Complaint" and must bear the same docket number as this Memorandum and Order. No summons shall issue at this time. If Plaintiff fails to amend his Complaint by January 29, 2010, as directed by this Order, the Court shall dismiss this Complaint with prejudice and the case will be CLOSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

## CONCLUSION

Based on the foregoing, it is hereby,

ORDERED, that Plaintiff's request to proceed in forma pauperis is hereby GRANTED; and it is further

ORDERED that the agency holding Plaintiff in custody must calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York; and it is further

ORDERED that the Warden or Superintendent shall not deduct more than twenty percent from the prisoner's trust fund account and shall forward the payments to the appropriate courts sequentially if there are multiple fee-related encumbrances, rather than collecting multiple fees at the same time that exceed twenty percent of the prisoner's trust fund account; and it is further

ORDERED that the Clerk must mail a copy of this Order to the Plaintiff and the superintendent of the facility in which Plaintiff is incarcerated; and it is further

ORDERED that if Plaintiff fails to amend his Complaint by January 29, 2010, as directed by this Order, the Court shall dismiss the Complaint with prejudice.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated:   December   27  , 2009
         Central Islip New York